UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LANCE BROADNAX,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **LVI DEMOLITION SERVICES INC.,** *et al.*, <br><br> Defendants. | Civ. No. 2:11-cv-03084 (WJM) <br><br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This is an action for unpaid benefits contributions. The question at the heart of this dispute is whether unpaid benefits contributions may be paid directly to the Plaintiff employees or whether they must be contributed to a fringe benefit fund. For the reasons set forth below, the Court finds that payment must be made to the fringe benefit fund.

Plaintiffs Lance Broadnax, Rayshawn Moore, Mathias Greene, Lance Stovall, Alvin Reeves, and Salim Muhammed are asbestos abatement workers. Plaintiffs filed this action against a general contractor, LVI Demolition Services ("LVI"), in New Jersey Superior Court, asserting claims for unpaid benefits contributions under the New Jersey Prevailing Wage Act ("PWA"). LVI removed the action to this Court and interpleaded the New Jersey Building Laborers' Statewide Benefit Funds (the "Funds") and several other third-party defendants. This matter comes before the Court on the Funds' motion to confirm an arbitration award that was entered in favor of the Funds and against LVI. The Funds also move to dismiss the Complaint on the basis of preemption. For the reasons set forth below, the Funds' motion to confirm the arbitration award is **GRANTED**, the Funds' motion to dismiss is **GRANTED**, and that the Complaint is **DISMISSED WITH PREJUDICE**.

**I.     BACKGROUND**

LVI was engaged by the City of Newark to complete construction work at a public works project referred to as the Douglas-Harrison homes project ("the project"). LVI subcontracted the asbestos abatement and demolition work to Prime Environmental Services, Inc. ("Prime"). Prime employed Plaintiffs to work on the project.

1

Prime was a signatory to a collective bargaining agreement ("CBA") which, among other things, obligated Prime to make fringe benefits contributions on behalf of all of its employees who performed covered work:

> **Article 10.70 Wage and Fringe Benefit Package . . .**
> (k) Fringe Benefit Payments. Fringe benefit contributions shall be due on all hours paid. . . . Benefits shall be paid on behalf of all persons performing work covered by this Agreement, regardless of union membership. The Employer may not at any time pay benefits in the envelope to any employee performing work covered by this Agreement.

Certification of Michael G. McNally Ex. C ("CBA") at 42, ECF No. 16-3.

LVI was also a signatory to a CBA which, among other things, provided that LVI would be liable for any of its subcontractors' unpaid benefits contributions:

> **Article 16.10 Contractor Liability for Delinquency of Sub-Contractor**
> If the Employer subcontracts any work covered by this Agreement to any subcontractor or other person, the Employer shall be liable for all contributions owing to the funds established or to be established hereunder in the event the subcontractor or person fails to pay contributions to said funds for employees covered by this Agreement employed by the said subcontractor or person.

CBA at 59.

For a period of several months beginning in April 2010, Prime failed to make benefits contributions to the Funds for work performed by its employees on the project. Prime's unpaid contributions for the project totaled $278,697.62.  In response to Prime's failure to make contributions, the Funds initiated an arbitration proceeding against Prime. The arbitrator issued an award in favor of the Funds, which was confirmed by the District Court of New Jersey.  *New Jersey Building Laborers Statewide Benefit Funds and the Trustees Thereof v. Prime Environmental Inc.*, No. 2:11-cv-03425 (D.N.J. July 18, 2011) (order and judgment in favor of Funds).  Despite the award, Prime still failed to make the delinquent benefits contributions.

Plaintiffs, independently of the actions taken by the Funds, filed the instant Complaint in New Jersey Superior Court against LVI, the general contractor.  Plaintiffs assert that LVI failed to compensate them at the prevailing wage rate set forth in the PWA.  The prevailing wage rate includes two components:  a wage component and a fringe benefit component.  Plaintiffs seek to recover the fringe benefit component.  The benefits payments sought by Plaintiffs in this action are the same benefits payments that

the Funds sought to recover in the arbitration against Prime. Shortly after Plaintiffs filed their Complaint, LVI removed the action to this Court and interpleaded the Funds and several other third-party defendants.

In the meantime, the Funds initiated an arbitration proceeding against LVI, in which they argued that LVI, as the general contractor on the project, was liable for Prime's delinquent benefits contributions. LVI petitioned this Court for a temporary restraining order enjoining the arbitration, which this Court denied on June 27, 2011. *See* ECF No. 8. The arbitration proceeded on June 28, 2011, and the arbitrator issued an award finding that LVI was liable to the Funds for Prime's unpaid benefits contributions (the "Arbitration Award").

The Funds now move to confirm the Arbitration Award against LVI. The Funds also move to dismiss Plaintiffs' Complaint. LVI does not contest that it owes $278,697.62 in benefits contributions. LVI merely wants the Court to determine whether this money should be paid to the Funds or to Plaintiffs.

## II.  DISCUSSION

The Court will first address whether it has subject-matter jurisdiction over this dispute. The Court will then address the Funds' motion to confirm the Arbitration Award, followed by the Funds' motion to dismiss.

### A. Subject-Matter Jurisdiction

LVI removed this action on the basis of the complete preemption doctrine, arguing that Section 301 of the Labor Management Relations Act ("LMRA") provides federal courts with exclusive jurisdiction over controversies involving collective bargaining agreements. Plaintiffs do not oppose federal jurisdiction. However, the Court's basis for subject-matter jurisdiction is not obvious in this case, so the Court will independently address the issue. For the reasons set forth below, the Court finds that there is subject-matter jurisdiction in this case.

It is well settled that a defendant cannot remove an action on the basis of a defense, including the defense of preemption. *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 14 (1983) ("[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption"). However, "if a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law," and may be properly removed to federal court. *Id.* at 24*; see also Avco Corp. v. Aero Lodge No. 735, Int'l Assn. of Machinists*, 390 U.S. 557 (1968).

The Supreme Court has held that Section 301 of the Labor Management Relations Act ("LMRA") is a provision that completely preempts related state law claims. LMRA, 29 U.S.C. § 185(a); *Franchise Tax Bd.*, 463 U.S. at 23 ("[T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'"). In determining whether a claim is preempted by Section 301, the ultimate question is whether "resolution of [the] claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985); *see also IBEW v. Hechler*, 481 U.S. 851 (1987). If "the state-law claim can be resolved without interpreting the [CBA] itself, the claim is 'independent' of the agreement for § 301 preemption purposes." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 410 (1988). But "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). The Third Circuit has specifically stated that a case is "properly removed" where "the plaintiffs' alleged entitlement to compensation and benefits is disputed and cannot be discerned without analyzing the terms of the collective bargaining agreement." *Antol v. Esposto*, 100 F.3d 1111, 1117-18 (3d Cir. 1996).

In this case, Plaintiffs' PWA claim cannot be discerned without analyzing the terms of the CBA. There is no dispute that LVI is liable for Prime's delinquent benefits contributions. The only dispute is whether Plaintiffs are entitled to recover this sum directly, or whether the money must be paid to the Funds. It is impossible to resolve this dispute by looking only at the PWA: under the PWA, the fringe benefit component of the prevailing wage may be paid to either an employee or a fringe benefit fund. *See* N.J.S.A. 34:11-56.30 ("employer contributions for employee benefits pursuant to a then existing bona fide collective bargaining agreement shall be considered an integral part of the wage rate paid by employers"). The only way to resolve the dispute is by interpreting the CBA, which prohibits paying benefits contributions directly to employees, and instead mandates that such contributions be made to the Fund. *See* CBA Article 10.70 ("The Employer may not at any time pay benefits . . . to any employee performing work covered by this Agreement."); CBA Article 16.10 ("the Employer shall be liable for all contributions owing to the funds"). Because "resolution of [the] claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract," Plaintiffs' PWA claim is preempted by Section 301. *Allis-Chalmers Corp*, 471 U.S. at 220.[1]

In conclusion, the Court finds that this action was properly removed based on Section 301 preemption. As such, the Court will now turn to the Funds' motions.

### B. Motion to Confirm Arbitration Award

---

[1] The Court finds only that Plaintiffs' claim is preempted. The Court does not address whether the PWA as a whole is preempted by Section 301.

The Funds move to confirm the Arbitration Award issued against LVI. The motion is unopposed.

A district court's review of an arbitration award is "exceedingly narrow." *Eichleay Corp. v. Int'l Ass'n of Bridge, Structural, & Ornamental Iron Workers*, 944 F.2d 1047, 1056 (3d Cir. 1991). A district court can vacate an arbitration award if the arbitrator shows a manifest disregard for the terms of the CBA or exceeds his authority. *Major League Umpires Ass'n v. Am. League of Prof'l Baseball Clubs*, 357 F.3d 272, 279-80 (3d Cir. 2004). However, as long as the arbitrator was even arguably applying the contract and acting within the scope of his authority, the fact that a court is convinced that he committed a serious error does not suffice to overturn his decision. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). Thus, an award will be confirmed unless it is "irrational." *Eichleay Corp.*, 944 F.2d at 1059 (quoting *Roberts & Schaefer Co. v. Local 1846, United Mine Workers*, 812 F.2d 883, 885 (3d Cir. 1987)).

The arbitrator's award in this case was perfectly rational. The arbitrator held that LVI was liable for Prime's unpaid benefits contributions. Arbitration Award ¶¶ 11-14, ECF No. 16-3. The arbitrator further held that these payments must be made to the Funds. Arbitration Award ¶¶ 14-17. The arbitrator's findings are clearly consistent with the terms of the CBA. Article 16.10 of the CBA provides that a contractor is liable for its subcontractor's delinquent benefits contributions. *See* CBA Article 16.10 ("the Employer shall be liable for all contributions owing to the funds . . . in the event the subcontractor or person fails to pay contributions"). In addition, the CBA provides that benefits contributions must be made to the Funds, and may not be made directly to employees. *See* CBA Article 16.10 ("the Employer shall be liable for all contributions owing to the funds"); CBA Article 10.70 ("The Employer may not at any time pay benefits . . . to any employee performing work covered by this Agreement.").

Accordingly, the motion to confirm the arbitration award is granted, and the arbitration award is confirmed.

### C. Motion to Dismiss

The Funds argue that Plaintiffs' state law claims are preempted by Section 301 of the LMRA, and that the CBA requires that benefit contributions be paid to the Funds, not to employees. The Funds are correct. As explained above, Plaintiffs' PWA claim is preempted by Section 301 of the LMRA. Plaintiffs' PWA claim cannot be resolved without interpreting the CBA. *See Lingle*, 486 U.S. at 410. The CBA clearly states that all benefits contributions must be paid to the Fund; payments may not be made directly to individual employees. *See* CBA Article 10.70 ("The Employer may not at any time pay

5

benefits . . . to any employee performing work covered by this Agreement."). Therefore, the motion to dismiss is granted.[2]

Plaintiffs argue that the Complaint contains a PWA retaliation claim as to Plaintiff Muhammed. Plaintiffs seek to amend the Complaint to add PWA retaliation claims for the other Plaintiffs, and to add a breach of contract claim. To the extent that there are remaining state law claims that form part of the Complaint, the Court declines supplemental jurisdiction over these claims. 28 U.S.C. § 1367(c)(3). The Court also denies Plaintiffs' request to amend their Complaint to add additional state law claims. Accordingly, the Complaint is dismissed with prejudice.

### III.  CONCLUSION

For the reasons stated above, the Funds' motion to confirm the Arbitration Award is **GRANTED**, the Funds' motion to dismiss is **GRANTED**, and that the Complaint is **DISMISSED WITH PREJUDICE**.

                                                /s/ William J. Martini
                                         **WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 31, 2012**

---

[2] The Court notes that once LVI makes the required contributions to the Funds, LVI will have satisfied its obligations under the PWA. As noted above, under the PWA, the fringe benefit component of the prevailing wage may be paid to a fringe benefit fund. *See* N.J.S.A. 34:11-56.30.